UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY BAKER, et al., <br><br>   Plaintiffs, <br><br> v. <br><br> OCWEN LOAN SERVICING, LLC, et al., <br><br>   Defendants. | Case No. 15-cv-02676-JSW <br><br> **ORDER ADMONISHING COUNSEL AND DISCHARGING ORDER TO SHOW CAUSE WITHOUT IMPOSING MONETARY SANCTIONS** |

This case came before the Court for a case management conference on December 11, 2015, at 11:00 a.m. Lead counsel for Defendants in this matter failed to appear. Alternate counsel, who had not filed a notice of appearance, appeared on behalf of Defendants. Counsel did not seek leave from this Court for alternate counsel to appear in lead counsel's place. Alternate counsel stated that he had been hired through a website called weappear.com. Alternate counsel was not prepared with regard to either the case itself or lead counsel's schedule. Indeed, alternate counsel had not spoken directly with counsel of record regarding this case and was not even aware of which party he was to represent.

This Court's Civil Local Rules provide as follows:

> Unless excused by the Judge, lead trial counsel for each party must attend the initial Case Management Conference. Requests to participate in the conference by telephone must be filed and served at least 7 days before the conference or in accordance with the Standing Orders of the assigned Judge.

N.D. Cal. Civil L.R. 16-10(a).

Additionally, this Court's Order Setting Case Management Conference in this case provided:

> The parties shall appear in person through lead counsel to discuss all

> items referred to in this Order and with authority to enter stipulations, to make admissions and to agree to further scheduling dates.

(Dkt. No. 11.)

On December 10, 2015 at 10:33 a.m., Defendants filed a motion for leave for Defendants' counsel Ryan K. Woodson, Esq., to appear telephonically at the case management conference the following day. The motion was untimely filed and provided no showing of good cause, only a boilerplate assertion that it would be unduly burdensome and costly for Defendants' counsel to travel from Irvine, California to Oakland for the conference. The Court denied this motion by order filed on December 10, 2015 at 11:46 a.m. The Order Denying Defendants' Motion to Appear Telephonically at Case Management Conference reiterated:

> As set forth in the order setting the case management conference, all parties must appear **in person through lead counsel** with authority to enter into stipulations, to make admissions, and to agree to further scheduling dates.

(Dkt. No. 50 (emphasis in original).)

On December 14, 2015, the Court issued an order to show cause why Mr. Woodson should not be sanctioned in the amount of $2,500.00 for violation of this Court's rules and orders. On December 24, 2015, Defendants timely filed a response to the December 14, 2015 order to show cause, signed and e-filed by Mr. Woodson. On January 7, 2016, Mr. Woodson filed a supplemental declaration in response to the order to show cause, in which he asserted that John C. Steele, Esq., was his "boss, named Partner, and the Managing Director of Litigation at" the Law Offices of Les Zieve, and that Mr. Steele, who is also counsel of record in this case, "is admittedly the lead trial counsel for Defendants so he had the legal obligation and professional responsibility to personally appear at the CMC pursuant to Local Rule 16-10(a) and the CMC Court Order." (Dkt. No. 57, ¶ 2.) Mr. Woodson further asserted that after he requested that Mr. Steele take the responsibility of responding to this Court's order to show cause, the Law Offices of Les Zieve suspended Mr. Woodson without pay. (*Id.*, ¶¶ 17-18.) On January 11, 2016, Mr. Steele filed a separate supplemental declaration in response to the order to show cause and in response to Mr. Woodson's supplemental declaration. On January 12, 2016, Mr. Woodson filed a second

1    supplemental declaration. Both of Mr. Woodson's supplemental declarations are captioned with

2    his own name and address only, and do not purport to represent the position of Defendants or of

3    the Law Offices of Les Zieve.

4    The responses to the order to show cause make clear that a personnel dispute has arisen

5    within the Law Offices of Les Zieve in connection with this matter, in which the Court declines to

6    involve itself. The Court addresses only the failure of counsel to abide by this Court's rules and

7    orders.

8    District courts have the inherent power to sanction a lawyer for a full range of litigation

9    abuses, as well as the power to sanction attorneys for violation of court rules. *Chambers v.*

10   *NASCO, Inc.*, 501 U.S. 32, 55 (1991); *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035

11   (9th Cir. 2012). Because the scope of the sanctioning power is so broad, the Court must "exercise

12   caution in invoking its inherent power, and it must comply with the mandates of due process."

13   *Chambers*, 501 U.S. at 49. The Court may sanction counsel for a willful violation of a court order.

14   *Evon*, 688 F.3d at 1035. Such a sanction "does not require proof of mental intent such as bad faith

15   or an improper motive, but rather, it is enough that a party acted deliberately." *Id.* To satisfy due

16   process, the Court must ensure that the sanctioned party has notice of the challenged misconduct

17   and an opportunity to respond to the charges. *In re Deville*, 361 F.3d 539, 548-50 (9th Cir. 2004).

18   Subject to these safeguards, the court may "fashion an appropriate sanction for conduct which

19   abuses the judicial process." *Chambers*, 361 U.S. at 44-45.

20   The Court is mindful that the December 14, 2015 order to show cause was directed only to

21   Mr. Woodson. However, Mr. Steele was served with the order, was involved in crafting the initial

22   response to the order, and subsequently filed his own supplemental declaration in response to the

23   order, specifically responding to Mr. Woodson's assertions that Mr. Steele bore the responsibility

24   for the violations set forth in the order. Accordingly, the Court finds that Mr. Steele had adequate

25   notice and opportunity to respond regarding the issues set forth in the order to show cause, and

26   due process does not prevent the Court from addressing his conduct in this order.

27   Upon review of all of the responses, declarations, and documents that have been submitted,

28   the Court finds that John C. Steele, Esq. and Ryan K. Woodson, Esq., Defendants' two attorneys

1    of record at the Law Offices of Les Zieve, willfully and recklessly failed to read any of the rules or
2    orders listed above. As a result of this disregard for the rules and orders of this Court, counsel for
3    Defendants did not become aware of the requirement that lead trial counsel attend the initial case
4    management conference, and may not even have made an internal decision who at the firm would
5    be lead trial counsel. It appears that Mr. Woodson, an associate attorney, was primarily
6    responsible for the management of this case, at least at the pretrial stage, at the time of the case
7    management conference. As the Managing Director of Litigation and the senior attorney of record
8    on this case, Mr. Steele was Mr. Woodson's supervisor but declares that he did not, in fact,
9    oversee the conduct of this case. Mr. Woodson, an experienced attorney, was given a great deal of
10   independence, although Mr. Steele was copied on Mr. Woodson's emails regarding the request for
11   telephonic appearance and the hiring of appearance counsel.
12          Neither attorney appears willing to accept responsibility for this case as of the time of the
13   case management conference. This lack of accountability, combined with the failure of either
14   attorney of record to read this Court's rules and orders, resulted in the failure any counsel of
15   record for Defendants, much less lead counsel, to appear at the case management conference, and
16   in the appearance of wholly unprepared alternate counsel. This conduct was unprofessional and
17   disrespectful, and hindered the Court's ability to conduct a case management conference.
18   Furthermore, in their responses to the order to show cause, these attorneys have displayed an
19   unseemly eagerness to cast blame at each other, and avoid responsibility themselves, that is nearly
20   as unprofessional as the underlying violations.
21          The Court ADMONISHES both attorneys of record, Mr. Steele and Mr. Woodson, for the
22   failure to read the relevant rules and orders, for failure to ensure that lead trial counsel appeared at
23   the initial case management conference, and for failure even to provide appearance counsel with
24   basic information about the case such as which party he was to represent.
25          Nonetheless, the Court DISCHARGES the December 14, 2015 order to show cause
26   without imposing monetary sanctions, in the exercise of discretion. The Court declines to expend
27   further judicial resources in pursuing this matter at this time.
28          The Court cautions counsel that further failure to read and abide by the rules and orders of

4

1   this Court—even the slightest violation—shall be treated with the utmost severity.

2   The Court further reminds counsel that if any attorney of record ceases to represent
3   Defendants in this matter, counsel should comply with this Court's rules regarding withdrawal or
4   substitution of counsel.

5   **IT IS SO ORDERED.**

6   Dated: January 15, 2016

_____
JEFFREY S. WHITE
United States District Judge